UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, as subrogee of Lewis Girdler,<br>        Plaintiff,<br><br>v.<br><br>DAVID JANKILEVITSCH, NEDI CONSTRUCTION, UNITED RENTALS (NORTH AMERICA), INC., and SPOT COOLERS, INC.,<br>        Defendants. | DOCKET NO:  14-11993 |

**DEFENDANT, UNITED RENTALS (NORTH AMERICA), INC.'S, NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

Pursuant to the provisions of 28 U.S.C. §§1332(a), 1441(a) and 1446, defendant United Rentals (North America), Inc. ("United Rentals") hereby gives notice of its removal of this action to the United States District Court for the District of Massachusetts from the Suffolk Superior Court of Massachusetts, and in support thereof respectfully states the following grounds for removal:

**I.  STATEMENT OF FACTS**

1.      United Rentals is one of several defendants in a civil action filed in the Suffolk Superior Court on April 3, 2013, styled as *United Services Automobile Association a/s/o Lewis Girdler v United Rentals (North America), Inc.*, Civil Action No. SUCV2014-00854E.  In this action, the plaintiff has brought a negligence claim against United Rentals, arising out of a fire of March 18, 2011, in which the plaintiff's insured sustained what is alleged to be property damage. The claim arises out of the same set of facts and circumstance that gave rise to another civil

action pending in this court, *Pacific Indemnity Company a/s/o David Jankilevitch v, United Rentals (North America), Inc.*, Civil Action No. 1:12 cv 11844 RWZ.  The court has supplemental jurisdiction over the Girdler claim because at least one other plaintiff in the associated action satisfies the amount-in-controversy requirement.  *Exxon Mobil Corporation v. Allapattah Services, Inc.,* 545 U.S. 546 (2005)

2. United Rentals' Notice of Removal is filed 10 days after the receipt of the Summons and Complaint and within one (1) year of the commencement of the action.  The civil suit was filed in the Suffolk Superior Court of the Commonwealth of Massachusetts.  The United States District Court for the District of Massachusetts is therefore the proper forum and venue to which this action may be removed under the provisions of 28 U.S.C. §§101 and 1441(a).

3. This Court has original jurisdiction to entertain this action because the only properly joined parties to this case are citizens of different states and the amount in controversy (when combined with the associated action referenced above) exceeds the sum of $75,000, exclusive of interest and costs.  28 U.S.C. §§1332(a), 1441(a).  Removal of this action is not prohibited by 28 U.S.C. §1445.

4. With respect to diversity of citizenship, as asserted in the Complaint, plaintiff United Services is a duly-organized corporation having a principle place of business at 9800 Fredericksburg Road, San Antonio, Texas.

5. Defendant, United Rentals, is a Delaware corporation.

6. The plaintiff's Complaint merely alleges that the plaintiff's insured has suffered property damage in excess of $29,000.  Although the likelihood of an adverse verdict is remote, were such a verdict to occur, the circumstances of the plaintiff's damage (in addition to the

damages of other associated plaintiffs) would likely result in damages in excess of the requisite jurisdictional limit of $75,000.00, thus making Removal to this court appropriate.

## II.   STATEMENT OF APPLICABLE LAW

7. No party is prejudiced by this Removal.  No motions are pending.  In all respects, Removal to this Court is proper.

## III.  REMOVAL PROCEDURE

8. Pursuant to 28 U.S.C. §1446(d), United Rentals will immediately file a notice of the filing of this Notice of Removal (including a copy thereof) with the Clerk of the Suffolk Superior Court of the Commonwealth of Massachusetts.   Pursuant to 28 U.S.C. §1447(d) and Local Rule 81.1, United Rentals will immediately request that the Clerk of the Suffolk Superior Court of the Commonwealth of Massachusetts provide certified or attested copies of all records and proceedings in the Action and certified or attested copes of all docket entries thereon.  The defendant will cause such attested or certified copies of the state court record to be filed with this Court within thirty (30) days hereof as required by Local Rule 81.1.

9. Counsel for United Rentals is duly admitted to practice before this Court and signs this Notice of Removal in accordance with the requirements of F.R.C.P. 11.

## IV.  CONCLUSION

**WHEREFORE**, United Rentals respectfully requests that the above-referenced action now pending in the Suffolk Superior Court of the Commonwealth of Massachusetts be removed from that Court to the United States District Court for the District of Massachusetts.

        Defendant,
        UNITED RENTALS (NORTH AMERICA), INC.
        By its attorneys,

        */s/ Lee Stephen MacPhee*
        _____
        Lee Stephen MacPhee, BBO# 312400
        Morrison Mahoney LLP
        250 Summer Street
        Boston, MA 02210-1181
        (617) 439-7500
        lmacphee@morrisonmahoney.com

May 2, 2014

## Certificate of Service

I hereby certify that this documents(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants May 2, 2014

        */s/ Lee Stephen MacPhee*

        _____
        Lee Stephen MacPhee